NELLIE ANDERSON v. DAVID CROWLEY.

*Estoppel.*

A failure to act upon information which proves to have been erroneous, and for which reason any attempted action would have been futile, does not amount to an estoppel.

Error to Saginaw. (Daboll, J., presiding.) Submitted on briefs June 9, 1893. Decided July 25, 1893.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

*F. E. Emerick,* for appellant.
*Crane & Crane,* for plaintiff.

MONTGOMERY, J. Replevin for a cow. Plaintiff recovered, and defendant brings error.

The undisputed testimony showed that the plaintiff owned the cow in question; that, during the summer of 1890, plaintiff was boarding temporarily with her parents, in the south of Saginaw, while her husband was engaged in the saloon business at Lansing. The cow in question was kept and cared for by the plaintiff. George D. Anderson, plaintiff's husband, visited his family in Saginaw on Sunday, the 16th of November. He then informed his wife that a man named Crumb at Lansing would take the cow and keep her, free of charge, provided he could have the milk from her until the plaintiff and her children removed to Lansing. Plaintiff assented to her husband's shipping the cow to Lansing, and, on the morning of the 17th of November, the cow was taken to the train by the husband, and placed in the car for shipment. The cow was, however, the same day, and before leaving Saginaw,

sold by plaintiff's husband to one Brown, who lived in Kentucky. The plaintiff accompanied her husband to Lansing on the same day; and there is some testimony offered by the defense which tends to show that the plaintiff had admitted that she learned on her arrival at Lansing that the cow had been sold to Brown. The defendant called witnesses to testify that she had also stated that she learned that the cow was at Crowley's at this time; and it is insisted that it was her duty to take steps to reclaim the cow at once, and, not having done so until Crowley became the purchaser, a few days later, she is now estopped from claiming title.[1]

Apart from the fact that it does not appear that plaintiff had any notice of any intended purchase by Crowley, and the further fact that Brown, the only purchaser of whom she had then heard, has in no way changed his position since, the further fact appears conclusively by the defendant's testimony that if the plaintiff had attempted to act upon the information, which she is alleged to have possessed, that the cow was at Crowley's, any attempt to remove the property would have proven futile, for the cow was not then at Crowley's, but at a livery stable kept by one Penoyer.

The circuit judge was right in holding that there was no estoppel under these circumstances, and in directing a verdict for plaintiff.

Judgment affirmed, with costs.

The other Justices concurred.

[1] Counsel cited, in support of this contention, *Dann v. Cudney,* 13 Mich. 239; *Case v. Erwin,* 18 Id. 434; *Paneling Co. v. Parsell,* 38 Id. 480.